## REMINGTON & SYKES *vs.* CHARLES BENOIT.

A person who is not an attorney at law may lawfully obtain and use a writ—

*First*, by purchasing it directly of the justice or clerk of a district court and either filling it up himself, or causing it to be filled up, in the presence of said justice or clerk ; or

*Secondly*, he may purchase it from an attorney at law and either fill it up himself or employ an attorney to fill it up for him ; or

*Thirdly*, he may go to an attorney and employ him to fill up a writ and then purchase it in that form.

A person lawfully in possession of a writ may have it served, and then act as his own attorney in prosecuting it.

Where an officer serves a writ by attaching the defendant's real estate in one county, and by summoning the defendant personally in another county where he resides, there is complete service of the process, and it is not necessary to leave a copy of the writ with the person in possession of the real estate.

Where real estate has been attached on original writ the leaving of a copy of the writ with the person in possession of the attached property is required only when the defendant has no last and usual place of abode within the precinct of the officer, and the latter is required to send a copy of the writ by mail to the defendant if his address be known or can be ascertained.

Pub. Laws R. I. cap. 349, § 1, enlarges the precinct of the officers to the entire State in cases therein cited.

Heard on defendant's exceptions to rulings of a district court.

*January* 25, 1897.  TILLINGHAST, J.   This case is before us on exceptions to the ruling of the District Court of the Ninth Judicial District.

The rulings complained of were made on the defendant's motion to quash the writ on the ground that it was illegally issued, and also on his motion to dissolve the attachment made thereon on the ground that the writ was not properly served.

In support of the first motion, the defendant contends that the writ was issued in violation of Gen. Laws R. I. cap. 228, § 25, which is as follows :

"No justice or clerk of a district court shall sell any blank writ by him officially signed, to any person except an attorney at law, or deliver to any person other than an attorney at law any such writ with permission in the absence of such justice or clerk to fill up or cause to be filled the same under a penalty of ten dollars for each offence and of ineligibility as a justice or a clerk of a district court for the term of three years next after conviction."

We do not think that the motion to quash is sustainable. No evidence was offered that the writ was issued in violation of said statute, and the only ground upon which the defendant claims that it was so issued is that it does not bear the signature of an attorney at law, and that without such evidence the presumption is that it was not legally issued.   We do not think that such a presumption arises.   There are three ways at least by which a person who is not an attorney at law may lawfully obtain and use a writ, viz. :   He may purchase it directly of the justice or clerk of a district court, and either fill it up himself or cause it to be filled up in the presence of said justice or clerk ; or he may purchase it of an attorney at law, and either fill it up himself or employ an attorney to fill it for him ; or he may go to an attorney and employ him to fill up a writ, and then purchase it in that form ; and of course it is competent for a person who is lawfully in possession of a writ to have it served, and then to act as his own attorney in prosecuting it.   These things being so, not only no presumption arises that the writ before

us was unlawfully issued, but, on the other hand, the presumption is that it was lawfully issued and obtained.

The motion to dissolve the attachment is based on the ground that the officer serving the writ omitted to leave a copy thereof with the person in possession of the real estate sought to be attached, the defendant not residing or having any place of abode in the same county. The record shows that said real estate was situate in the town of Burrillville, in the county of Providence, and that the defendant resided in East Greenwich, in the county of Kent. It also shows that the officer making the attachment subsequently summoned the defendant by leaving a copy of the writ, with his doings thereon, with the defendant personally at said East Greenwich. This being so, there was no occasion for the officer to leave a copy of the writ with the person in possession of the real estate in Burrillville, if indeed there was any person in possession thereof in said town, as to which we have no knowledge, the statute only requiring this to be done in case the defendant has no last and usual place of abode within the precinct of the officer, and where he is required to send a copy of the writ by mail to the defendant, if his address be known or can be ascertained. Gen. Laws R. I. cap. 253, § 10. In the case at bar, the officer not only attached the real estate of the defendant situate in Burrillville, but he also served the writ on the defendant personally, as aforesaid, thereby making a complete service thereof. The service upon the defendant personally was made in pursuance of Pub. Laws R. I. cap. 349, § 1, passed May 15, 1896, which provides that "If the property attached be in one county, and the defendant be or have his usual place of abode in another county, the attachment may be made by any proper officer of the county where the property is situated, and the defendant may be summoned where he may be found, or have his usual place of abode, *by the officer making such attachment,* or by any like officer of the county where the defendant may be found, or may have his usual place of abode : *Provided,* that the officer making the attachment shall not be required to send a copy of the writ by mail to the address

of the defendant in case the summons shall be served as by law provided." This statute enlarges the precinct of the officer, so as to include the entire State, in cases like the one before us.

Exceptions overruled, and case remitted to the District Court of the Ninth Judicial District for further proceedings.

*Simon S. Lapham*, for plaintiffs.

*Charles J. Arms*, for defendant.